UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

REDUS FLORIDA COMMERCIAL, LLC,

        Plaintiff,

-vs-                                      Case No.  5:10-cv-602-Oc-10TBS

COLLEGE STATION RETAIL CENTER,
L.L.C.,  JOSEPH E. ZAGAME, SR., and
JANE C. ZAGAME,

        Defendants.
_____/

## ORDER ON MARSHAL'S FORECLOSURE SALE COMMISSION

This case began when Plaintiff Redus Florida Commercial, LLC ("Redus")[1] filed a Complaint against the Defendants seeking to foreclose on a note and mortgage on certain real property located in Clermont, Florida, and to foreclose on its security interests in various leasehold interests on the property, improvements, and buildings on the property, as well as certain personal property (Doc. 1).  The Parties ultimately entered into a settlement agreement, and a receiver was appointed to facilitate the foreclosure and sale of the real property (the "Subject Property") (Docs. 38, 41, 52).[2]  A Final Judgment of Foreclosure in the amount of $11,832,307.14 was entered by this Court on February 8,

---

[1] The original Plaintiff was Wells Fargo Bank, N.A. (Doc. 1). On January 26, 2012, the Parties jointly moved to substitute Redus Florida Commercial, LLC as the party-Plaintiff in this action (Doc. 50).  The Court granted that motion the following day (Doc. 53).

[2] The settlement is between Redus Florida Commercial, LLC and College Station Retail Center, L.L.C.  Defendants Joseph E. Zagame, Sr., and Jane C. Zagame were dismissed from this case with prejudice on March 7, 2012 (Docs. 56-58).

2012 (Doc. 55). The judgment directed the Marshal to sell the Subject Property at public foreclosure sale for cash or for a credit bid to the Plaintiff (Id., ¶¶ 5-6).

The foreclosure sale was to be held on or by March 14, 2012. Prior to that date, Redus learned that the United States Marshal intended to charge a $50,000.00 commission to handle the sale. Redus disputed the method the Marshal intended to use to calculate this commission, and filed an Unopposed Emergency Motion to Determine the United States Marshals Service's Commission or, in the Alternative, to Cancel Foreclosure Sale (Doc. 60). The Court denied the motion to cancel the foreclosure sale (which by that time had been rescheduled for March 21, 2012), and directed the United States Marshal's commission to be determined in accordance with 28 U.S.C. § 1921(c) and 28 C.F.R. §0.114(h) (Doc. 61).

The foreclosure sale was held on March 21, 2012, and the Plaintiff submitted the winning credit bid of $100.00. The Marshal charged Redus a commission of $50,000.00, based on the amount of the foreclosure judgment ($11,832,307.14) (Doc. 62). Redus disputes the Marshal's calculation, and instead argues that it should be based on the actual purchase price ($100.00).

The Marshal withheld the issuance of the Marshal's Deed to Redus, pending payment of the full $50,000.00. As a result, Redus filed a motion asking this Court to issue an order compelling the Marshal to calculate its commission at $100.00, and to issue a Marshal's Deed to the Plaintiff upon payment of the commission (Doc. 63). The Marshal filed a response in opposition (Doc. 67), and with leave of Court, Redus filed a reply (Doc.

2

70). The Court then scheduled a hearing on the pending motion for October 24, 2012 (Doc. 72). In that same Order, the Court directed the United States Marshal to forthwith execute and deliver to the Plaintiff a Marshal's Deed for the Subject Property, as soon as Redus posted with the Court a surety bond conditioned to pay to the Marshal an amount up to $50,000.00 should the Court so order (Id.). Redus filed the surety bond on September 13, 2012 (Doc. 74), and it appears that the Marshal then executed and delivered to Redus the Marshal's Deed. Thus, the only remaining issue before the Court is the determination of the appropriate sales commission to be paid to the Marshal.

Upon due consideration, and for the reasons discussed below, the Court finds that the Marshal is entitled to, and shall be awarded, a commission of $50,000.00.

## **Discussion**

The entitlement, amount, and computation of Marshal's fees is set out in 28 U.S.C. § 1921, which provides, in relevant part:

> (c)(1)  The United States Marshals Service shall collect a commission of 3 percent of the first $1,000 collected and 1 1/2 percent on the excess of any sum over $1,000, for seizing or levying on property (including seizures in admiralty), disposing of such property by sale, setoff, or otherwise, and receiving and paying over money, except that the amount of commission shall be within the range set by the Attorney General. If the property is not disposed of by marshal's sale, the commission shall be in such amount, within the range set by the Attorney General, as may be allowed by the court. In any case in which the vessel or other property is sold by a public auctioneer, or by some party other than a marshal or deputy marshal, the commission authorized under this subsection shall be reduced by the amount paid to such auctioneer or other party.  This subsection applies

>           to any judicially ordered sale or execution sale, without regard to
>           whether the judicial order of sale constitutes a seizure or levy
>           within the meaning of State law.  This subsection shall not apply
>           to any seizure, forfeiture, sale, or other disposition of property
>           pursuant to the applicable provisions of law amended by the
>           Comprehensive Forfeiture Act of 1984 (98 Stat. 2040).

The statute is mandatory; the Court lacks discretionary authority to reduce the commission awarded pursuant to its terms. See Odyssey Stevedoring Corp. v. Celtic Venture, 817 F.2d 709, 711 (11th Cir. 1987).

Section 1921(c)(2) authorizes the Attorney General to prescribe regulations which establish a minimum and maximum amount for the commission collected under the statute. On February 2, 1991, the Attorney General promulgated 28 C.F.R. § 0.114(h), which sets the minimum commission at $100.00 and the maximum commission at $50,000.00. The purpose of the regulation is "to eliminate unduly high and low commissions resulting from a strict application of the statutory formula in section 1921." 56 Fed. Reg. 2436.

There is no dispute that § 1921(c) and 28 C.F.R. § 0.114 govern this case.  The Marshal sold the Subject Property pursuant to a judicial order of sale.  There is also no dispute that credit bids, such as the one at issue in this case, qualify as the required receipt and pay over of money under § 1921(c), and the Marshal is therefore entitled to a commission. The dispute arises from the interpretation to be made of the term "collected." Redus argues that the amount "collected" by the Marshal means the actual dollars collected – in this case the $100.00 purchase price – which would result in a commission of only $100.00. The Marshal on the other hand, argues that the amount "collected" is the

amount of the foreclosure judgment – in this case $11,832,307.14 – which would result in a commission of $50,000.00.

There is no Eleventh Circuit decisional authority on point, and neither § 1921 nor the Attorney General's regulation define the term "collected." However, several district courts have addressed this issue, with somewhat differing results. The two decisions most directly analogous to the present case arose in the Eastern District of Louisiana and the Northern District of Florida. The first decision, Small Business Loan Source, 361 F. Supp. 570 involved a Marshal's sale of a seized vessel, which sold to the plaintiff for a credit bid in the amount of $75,000.00. Id. at 571-72. At the time of the sale, the plaintiff held a promissory note that was secured by a Preferred Ship Mortgage on the vessel in the amount of $737,968.76 plus accrued interest and late fees. The plaintiff moved the court to determine the Marshal's commission based on the $75,000.00 credit bid, while the Marshal intervened and moved to have the commission calculated using the appraised value of the vessel, $738,000.00. Id. at 572.

The Eastern District of Louisiana agreed with the Marshal and calculated the commission based on the lesser of the appraised value of the vessel or the amount of the judgment lien. The court reached this conclusion by focusing on a guideline contained in the USMS Policy and Procedures Manual, which interpreted § 1921 and provides:

> A Credit bid submitted by judgment creditor constitutes "receipt and pay over of money" within the meaning of 28 U.S.C. § 1921. Thus, a judgment creditor will generally be liable for paying the U.S. Marshal's statutory commission when a credit bid is submitted at a USMS sale. In some cases (commonly in private mortgage foreclosure actions), a judgment creditor may submit a credit

5

>bid of a nominal sum, such as $1.00, in an attempt to avoid payment of the U.S. Marshal's commission. In such a case, the U.S. Marshal's commission should be calculated on the basis of the amount of the judgment lien or, if established, the appraised value of property under levy, whichever is smaller. For example, if a creditor holding a $1 million dollar judgment directs the U.S. Marshal to execute a levy on a parcel of real estate worth $500,000 and the judgment creditor submits a credit bid of "$1.00 plus costs," the U.S. Marshal commission should be based on $500,000, which amounts to $7,515.00.

361 F. Supp. 2d at 573. See also USMS Policy Directive 11.1, Fees, Expenses, and Commissions.

The court found the guideline to be persuasive and consistent with the language and purpose of § 1921, and deferred to its interpretation. 361 F. Supp. 2d at 574-75. See also Skidmore v. Swift, 323 U.S. 134, 140, 65 S. Ct. 161 (1944).

The second, and more recent decision, issued from the Northern District of Florida. In Centennial Bank v. Roddenberry, ___ F. Supp. 2d ___, 2012 WL 4356693 (N.D. Fla. Aug. 23, 2012), the plaintiff held notes secured by two mortgages and filed an action to foreclose both. On one of the mortgages, the plaintiff obtained a judgment for $123,964.17, and was the lone and successful credit bidder for the foreclosed property at the Marshal's foreclosure sale. The credit bid was $100.00. 2012 WL 4356693 at * 1. The Marshal sought a commission in the amount of $1,874.46, based on the judgment amount, and the plaintiff moved to only pay $100.00 based on the credit bid. Id.

The district court chose not to address the question of whether the guideline set forth in the USMS Policy Manual should be given any deference. Rather, the court focused on the language of § 1921(c) itself and held that the nominal bid of $100.00 "is a meaningless

6

number divorced from anything of substance," and has no role in setting the Marshal's fee. Id. at * 2.  Allowing the nominal bid to control the Marshal's commission would be contrary to the language of § 1921:

> The statute calls for a fee of the stated percentage applied to the amount "collected" from the sale.  When a third party buys at a foreclosure sale and pays by certified check or cashier's check, the mortgage holder "collects" the amount of the check.  But when the mortgage holder successfully bids only a nominal portion of its judgment, the mortgage holder "collects" the property.  It does not "collect" the meaningless nominal figure that is never actually paid or collected by anyone.
>
> In short, when a mortgage holder makes a nominal bid from the amount of its judgment, a proper reading of the statute calls for the Marshal's statutory percentage fee to be calculated based on the lesser of the judgment amount or the property's value.

2012 WL 4356693 at * 2.

In response, Redus cites to two cases: First Bank and Trust v. F/V Dragon Sea, 2008 WL 2987040 (S.D. Ala. Jul. 31, 2008), and Stone Investment, LLC v. I.S. Industries, Inc., 2002 WL 32349887 (E.D. Pa. Jul. 17, 2002), both of which held that the Marshal's commission should be calculated based on the amount of the winning bid.  First Bank and Trust is inapplicable to the present case as it did not involve a creditor who obtained property after bidding a nominal amount.  Rather, that case involved a determination of the party responsible for paying the commission, and whether the commission should be paid out of the sale proceeds.  The Court is also not persuaded by Stone Investment, LLC, as the district court relied on a similar Pennsylvania statute and court decisions to formulate its interpretation of § 1921, and there does not appear to be any similar legal authority in

Florida.  Moreover, the weight of authority supports the results of Small Business Loan Source, Inc., and Centennial Bank.[3]

The Court therefore finds the holdings in Small Business Loan Source, Inc., and Centennial Bank to be persuasive and correct interpretations of § 1921(c).  Even when the USMS Policy Manual guidelines are afforded no deference, the term "collected" in §1921(c)(1) must mean the lesser of the amount of the judgment lien or the appraised value of the property (if available).  In this case, the amount of the foreclosure judgment in Redus' favor is $11,832,307.14, and applying the calculations of § 1921 and 28 C.F.R. §0.114(h), the correct amount of the commission due to the Marshal is therefore $50,000.00.[4]

Redus makes one last argument in favor of the reduced commission.  Redus arues that the Marshal should be estopped from seeking a $50,000 commission because:  (a) it did not provide Redus with a copy of the USMS Policy Manual; (b) it did not request the $50,000 commission until after the entry of a foreclosure judgment; and (c) the Marshal has conducted numerous foreclosure sales in the past and has based its commission on the

---

[3]See Small Business Loan Source, Inc. v. F/V MISS KAITLIN, 2004 WL 2009278 (E.D. La. Sept. 8, 2004); Caterpillar Fin. Servs. Corp. v. Mr. C II, 2003 WL 22038378 (E.D. La. Aug. 19, 2003); State Mutual Life Ins. Co. of America v. North Hotel Assoc., 1991 WL 114600 (E.D. Pa. June 20, 1991); The Cesare Augusto, 39 F. Supp. 751 (N.D. Cal. 1941).

[4]At oral argument, counsel for Redus admitted that the full amount of the judgment had been extinguished and that it was not seeking a deficiency judgment against any Defendants. Although Redus argued that the entire amount of the debt was collected as part of the settlement and not during the foreclosure sale, the argument is disingenuous.  The foreclosure decree may have been the result of a settlement, but it was still a foreclosure sale conducted by the Marshal as the means by which Redus acquired title to the mortgaged property.

winning bid as opposed to either the judgment or the appraised value of the property. Unfortunately for Redus, however, all litigants are "bound to know the law even before it has been declared by the court," Gulf Refining Co. of Louisiana v. United States, 269 U.S. 125, 137, 46 S. Ct. 52, 54 (1925), and the law is clear – the United States cannot be estopped unless there is a showing of some sort of affirmative misconduct on the part of the Government. See Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 68 S. Ct. 1 (1947); Office of Personnel Management v. Richmond, 496 U.S. 414, 110 S. Ct. 2465 (1990). There has been no such showing here, and Redus has not presented any authority for its position that the Marshal was obligated to either provide Redus with a copy of its Policy Manual or inform Redus of its intended calculation of its commission prior to the entry of the foreclosure judgment.[5]

## Conclusion

The Court is sympathetic to Redus' position. This is an issue of first impression in this Circuit, and the Marshal has admittedly been inconsistent in his interpretation of §1921, at least within this District. However, hard cases cannot make bad law, and the weight of authority, along with the language of § 1921 favor the Marshal in this instance.

Accordingly, upon due consideration, Plaintiff Redus Florida Commercial, LLC's Motion to Compel the United States Marshal to Issue Marshal's Deed (Doc. 63) is DENIED.

---

[5] The Court also notes that counsel for the Marshal stated at oral argument that the prior situations in which the Marshal calculated his commission based on the winning bid were an incorrect interpretation of § 1921.

To the extent the Plaintiff requests the issuance of a Marshal's Deed, that request is DENIED AS MOOT.  The Plaintiff is directed to forthwith pay to the Marshal a commission for the foreclosure sale of the Subject Property in the amount of $50,000.00.  The Clerk is directed to release and return the surety bond (Doc. 74) to Redus upon notification that the $50,000 commission has been paid in full to the Marshal.  If the commission is not paid as Ordered within thirty (30) days, the Marshal may move for judgment on the bond.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 31st day of December, 2012.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             United States Marshal
             Maurya McSheehy